[No. 15941. Department Two. December 11, 1920.]

## CHARLES WELLINGTON SMITH, *Appellant,* v. JOHN GARNERO *et al., Respondents.*[1]

ANIMALS (18) — TRESPASSING — LICENSES—WITHDRAWAL. Where permission to stake a cow on premises was withdrawn during a rainy season because the ground was soft, and thereafter no objection was made to so staking her on adjoining property that she could enter and eat grass on the premises, there was an implied license to so do, and no wrongful trespass in the act.

SAME (9)—PERSONAL INJURIES—LIABILITY—VICIOUSNESS. In an action for personal injuries inflicted by a cow, if the cow was not trespassing at the time, it must be shown that she was vicious and known by defendant to be so.

SAME (11) — PERSONAL INJURIES — NOTICE OF VICIOUSNESS—EVIDENCE—SUFFICIENCY. An action for personal injuries inflicted by a cow must fail where it appears that plaintiff's foot became caught in the chain by which the cow was tethered, and he was knocked down and dragged when the cow became frightened, and not because she was vicious, there being no testimony to show viciousness.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 21, 1920, dismissing an action in tort, upon granting a nonsuit. Affirmed.

*Albert D. Martin* and *W. G. Beard,* for appellant.
*Van Dyke & Thomas,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, began this action to recover damages sustained by reason of personal injuries inflicted upon him by respondents' cow, which he alleges was not only vicious and known to be so, but was trespassing upon his premises at the time the injury was received. At the close of appellant's

[1]Reported in 194 Pac. 375.

case, a motion for nonsuit was interposed and granted. A judgment of dismissal followed, from which this appeal is prosecuted.

The only errors assigned are the granting of the motion for nonsuit and denial of the motion for a new trial.

If respondents' cow was trespassing at the time of the infliction of the injuries, it need not be shown that she was vicious, or, if so, that the owner had knowledge of it. 3 C. J. 94. Appellant's testimony clearly shows that, some three years before the time complained of, he had given respondents permission to stake the cow upon his property; that, about a year before, he had told them that, due to the rain, the ground was very soft, the cow was cutting it up badly and ruining it for garden purposes, and he wanted her kept off. Respondents acquiesced, took the cow off of appellant's ground, and did not at any time thereafter stake her on appellant's property, but did apparently, as a more or less regular custom, so stake the cow on their own premises, or on the street, that she could and did enter and eat the grass in appellant's yard. No protest appears to have been made to this custom at any time except upon one occasion when the cow reached and damaged appellant's garden.

Might the jury from these facts draw the inference that appellant had entirely withdrawn permission for the cow to graze upon his premises? We think not. The permission when given was general and unqualified, and the withdrawal of permission appears to have been limited to the times and places when and where the ground being wet the cow would cut it up and damage it. The continued presence of the cow grazing on appellant's premises without protest from him, except in the one instance when she injured his garden, is

confirmatory of this view and no doubt sufficient in itself to show an implied license. We conclude, therefore, that the cow was not trespassing, and to recover appellant must show that she was vicious and by respondents known to be so.

We find nothing in the record which would justify a jury in so finding. Even on the occasion complained of, appellant's testimony shows that his injuries were caused by his foot becoming caught in the chain with which the cow was tethered, and that the cow ran and dragged him because she was frightened by his approach in the dark. If she struck and knocked him down in making her escape, it was because he came upon her from the direction in which she must make her exit and not because of viciousness. In any event, there is no claim that he was injured by the supposed vicious act of being struck and knocked down. There is even less in the other incidents relied upon to show viciousness. They denote playfulness only, and those who observed and testified regarding them permitted little children to continue to play about the cow unwatched and unwarned, and thought so little of possible danger that none of them ever mentioned any of the purported facts to respondents, nor are respondents shown to have had any knowledge of any propensity on the part of the cow which might indicate a possibility that she would harm anyone.

In a community where cows were commonly kept staked out as this one was, respondents seem to have followed the general custom of tethering the cow wherever she could find feed, relying upon anyone objecting to make his objections known, and with no reason to believe the cow to be other than gentle and harmless. These facts clearly shown by appellant's testimony, standing alone, left nothing upon which a jury might

conclude that the cow was trespassing, or vicious and known to be so.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.